UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREA JOHNSON,

                    Plaintiff,

        v.

MICHAEL DEWITT, et al.,

                    Defendants.

CASE NO. C17-5905 BHS

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS, GRANTING AND
DENYING PLAINTIFF'S
EMERGENCY MOTIONS, AND
CLOSING CASE

        This matter comes before the Court on Defendants Jennifer Smith ("Smith") and

Thurston County Superior Court Judge Anne Hirsch's ("Hirsch") motions to dismiss

(Dkts. 51, 54) and Plaintiff Andrea Johnson's ("Johnson") emergency motions (Dkts. 56,

59, 63, 68). The Court has considered the pleadings filed in support of and in opposition

to the motions and the remainder of the file and hereby rules as follows:

## I.    PROCEDURAL AND FACTUAL BACKGROUND

        On October 30, 2017, Johnson filed a proposed complaint against Defendants

Michael DeWitt ("DeWitt"), Smith, and Hirsch ("Defendants"). Dkt. 1-1.

        On December 7, 2017, Johnson filed an amended complaint. Dkt. 11. Johnson

asserts claims for violations of her civil rights, intentional infliction of emotional distress,

fraud, trespass, harassment, negligence, gross negligence, professional negligence, premises liability, tortious misconduct, invasion of privacy, defamation, slander, libel, trespass, nuisance, "[a]nd whatever other tortious claims I am forgetting here at this moment that nonetheless apply . . . ." *Id*. at 6–8. The claims stem from events occurring on October 31, 2014, in Thurston County Family & Juvenile Court. *Id*. Johnson claims that Defendants intimidated and harassed her causing damages. *Id*. at 4–12.

On May 4, 2018, DeWitt filed a motion to dismiss. Dkt. 40. On June 18, 2018, the Court granted the motion and terminated DeWitt as a party. Dkt. 52.

On June 15, 2018, Smith filed a motion to dismiss. Dkt. 51. On June 29, 2018, Johnson filed a second amended complaint. Dkt. 53. On July 3, 2018, Hirsch filed a motion to dismiss. Dkt. 54. On July 12, 2018, Johnson filed an emergency motion for an extension of time and a response to Smith's motion. Dkts. 56, 57. On July 13, 2018, Smith replied, Johnson filed two emergency motions for an extension of time, and an additional response to Smith's motion. Dkts. 58–60, 63. On July 30, 2018, Johnson filed responses to both motions to dismiss. Dkts. 65, 66. On August 3, 2018, Hirsch replied and Johnson filed a motion to strike Hirsch's untimely reply. Dkts. 67, 68.

## II.  DISCUSSION

**A.  Hirsch's Motion**

Judges are absolutely immune from liability for actions performed within their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). Immunity applies even if there was no personal jurisdiction. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986).

In this case, Hirsh argues that she is entitled to absolute judicial immunity. Dkt. 54. The Court agrees because Johnson has failed to allege any fact or assert any argument to overcome this immunity. Therefore, the Court grants Hirsch's motion and dismisses Johnson's claims with prejudice because any amendment would be futile. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) ("Dismissal with prejudice is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

**B.    Smith's Motion**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

In this case, Smith argues that Johnson's complaint should be dismissed for numerous reasons. First, Smith asserts that her only involvement in the matter was as opposing counsel in the court proceeding. Dkt. 51 at 2. Johnson's allegations against Smith consist of Smith becoming distressed and shaking her head. *Id*. Smith argues that these allegations, even if true, do not state a claim for relief. *Id*. at 4–5. The Court agrees, and grants Smith's motion on this basis.

Second, Smith argues that the applicable statute of limitations has passed, which bars Johnson's claims. The Court agrees because, depending on the claim, the statute of limitations is either two or three years. *See* Dkt. 51 at 5–6. Johnson filed her complaint

more than three years after the hearing date of October 23, 2014.  *See* Dkt. 1 (filed October 30, 2017).  Therefore, the Court grants Smith's motion on this basis.

Third, under Washington law, claims pertaining to statements made during the incident at issue, to the extent they were made in the course of judicial proceedings, are absolutely privileged.  *See Twelker v. Shannon & Wilson*, 88 Wn.2d 473, 475 (1977) (citing *Gold Seal Chinchillas, Inc. v. State*, 69 Wn.2d 828, 830 (1966)).  Johnson bases her claims against Smith on Smith's expressions and/or statements that were made in the course of a judicial proceeding.  Thus, Smith is entitled to absolute privilege, and Johnson's claims are barred for this reason as well.

Regarding the appropriate relief, the Court dismisses Johnson's claims with prejudice because the claims are barred by the statute of limitations and Smith is entitled to immunity.  *Broughton*, 622 F.2d at 460.

**C.    Johnson's Motions**

The Court grants Johnson's emergency motions for extensions of time to file additional briefing (Dkts. 56, 59), and the Court has considered her materials.  The Court denies Johnson's emergency motion to extend initial deadlines (Dkt. 63) as moot because the case will be closed.  The Court denies Johnson's emergency motion to strike untimely reply (Dkt. 68) because Hirsch timely filed her reply.

**III.  ORDER**

Therefore, it is hereby **ORDERED** that Smith and Hirsch's motions to dismiss (Dkts. 51, 54) are **GRANTED** and Johnson's claims are **DISMISSED with prejudice**.

Johnson's motions are **GRANTED and DENIED** (Dkts. 56, 59, 63, 68) as set forth herein. The Clerk shall enter a JUDGMENT and close the case.

Dated this 28th day of August, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge